IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALLEN TYRONE ROBINSON, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-CV-1132-O |
| | § | |
| BOBBY LUMPKIN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Allen Tyrone Robinson, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Bobby Lumpkin, director of that division, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

## I. BACKGROUND

Petitioner is serving a 66-year sentence in TDCJ for his conviction in Tarrant County, Texas, Case No. 0365170R, for robbery by threats. Resp't's Answer 2, ECF No. 12. In this petition, Petitioner challenges a disciplinary proceeding conducted at the Polunsky unit and the resultant sanctions. Pet. 2, ECF No. 1.

Petitioner was charged in disciplinary case no. 20200032052 with fighting with another inmate without a weapon with serious injury, a level 1, code 2.3 violation. DHR[1] 4, ECF No. 13-2. Following a disciplinary hearing on October 10, 2019, the disciplinary hearing officer found Petitioner had committed the prohibited act. *Id.* at 3. His sanctions included 45 days' lost recreation,

---

[1] "DHR" refers to the disciplinary hearing record.

commissary, and OTB privileges, cell restrictions, and reduction in line class status from S-3 to L-1. *Id.* at 15. Petitioner filed Step 1 and Step 2 grievances contesting the guilty finding, to no avail. DGR[2] 3-8, ECF NO. 13-1. This federal petition for writ of habeas corpus followed.

## II. ISSUES

Petitioner raises the following grounds for relief, verbatim:

(1) Petitioner was denied to be present at his disciplinary hearing in violation of due process and equal protection of the law;

(2) Petitioner was denied adequate notice of the charge against him in violation of due process and equal protection of the law;

(3) Petitioner was charged with a false incident due to Sgt. Burleson's desire to retaliate against Petitioner for his refusal to admit to a fight; and

(4) The evidence was insufficient to sustain disciplinary conviction in violation of due process and equal protection.

Pet. 6-7, ECF No. 1.

## III. DISCUSSION

A state prisoner seeking federal habeas review pursuant to § 2254 must assert a violation of a federal constitutional right to be entitled to such relief. *See Lowery v. Collins,* 988 F.2d 1364, 1367 (5th Cir. 1993). To the extent, Petitioner claims due process violations, he is not entitled to relief. Temporary loss of recreation, commissary, and OTS (telephone) privileges, cell restrictions, and a reduction in line class status do not implicate due process concerns. *See Sandlin v. Conner,* 515 U.S. 472, 486 (1995); *Malchi v. Thaler,* 211 F.3d 953, 958-59 (5th Cir. 2000); *Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999); *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997); *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995). In the context of a prison disciplinary proceeding, a prisoner is

---

[2]"DGR" refers to the disciplinary grievance record.

entitled to certain requirements of due process where he has lost good-time credits. *See Wolff v. McDonnell,* 418 U.S. 539, 563–67 (1974). Petitioner did not lose previously earned good-time credits. Therefore, his punishment does not implicate any protected liberty interests. *See Madison,* 104 F.3d at 769 (holding that the state may create a constitutionally protected liberty interest requiring a higher level of due process where previously earned good-time credits are forfeited in a disciplinary action against an inmate eligible for mandatory supervised release). Absent some constitutionally protected liberty interest, due process does not attach to a prison disciplinary proceeding.

To the extent Petitioner claims the incident report was retaliatory, the claim is conclusory. Prison officials may not retaliate against an inmate because that inmate exercised a right guaranteed to him under the constitution. *See Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). However, claims of retaliation in the context of habeas-corpus review of prison disciplinary proceedings are approached with scepticism. *Id.* at 1166. To state a claim of retaliation, an inmate must allege the violation of a specific constitutional right and establish that but for the retaliatory motive the complained of incident would not have occurred. *Id.* Thus, the prisoner must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Id.* A prisoner who brings a retaliation claim bears a heavy burden that may not be satisfied with conclusory allegations or his own personal beliefs. *See Jones v. Greninger,* 188 F.3d 322, 324–25 (5th Cir. 1999). Petitioner asserts that the reporting officer submitted a false incident report because he refused to admit he was involved in a fight on the date, time, and location in question and "possibly because she was mad at him for standing firm on his denial." Pet'r's Mem. 8, ECF No. 4. These allegations do not establish any violation of Petitioner's constitutional rights.

Similarly, vague and conclusory allegations of equal protection violations are insufficient to raise an equal protection claim. Essentially, the Equal Protection Clause requires that similarly situated persons be treated alike. *See City of Cleburne v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 439 (1985). Therefore, a prisoner must allege or show that he was treated differently from other, similarly situated prisoners or demonstrate that the decision reached by prison officials was made without any rational basis due to illegitimate animus or ill-will. *See Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000). Petitioner makes no such showing.

## IV.  CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED. A certificate of appealability is also DENIED.

**SO ORDERED** on this 30th day of March, 2021.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

4